

GREGORY A. BROWER
United States Attorney
CRANE M. POMERANTZ
Assistant United States Attorney
333 Las Vegas Boulevard South
Suite 5000
Las Vegas, Nevada 89101
(702) 388-6336/Fax: (702) 388- 6020

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

### -oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| Plaintiff, | ) 2:08-cr-234-RLH-PAL |
| | ) |
| vs | ) **PLEA MEMORANDUM** |
| | ) |
| CONSOLIDATED LABORATORY | ) |
| SERVICES d/b/a CLS, Inc. | ) |
| | ) |
| Defendant. | ) |

The United States, by and through Gregory A. Brower, United States Attorney, and

Crane M. Pomerantz, Assistant United States Attorney, the corporate defendant, Consolidated

Laboratory Services, and the defendant corporation's attorney, C. Stanley Hunterton, Esq., submit

this plea memorandum.

## I.

## PLEA AGREEMENT

The United States and the defendant corporation have reached the following plea

agreement, which is not binding on the court:

### A.   The Plea

The corporate defendant will plead guilty to Counts One and Two of the

Information, charging Health Care Fraud in violation of Title 18, United States Code, Section

1347. The corporate defendant admits the forfeiture allegation in the Information.

**B.** **Additional Charges**

The United States Attorney's Office for the District of Nevada ("United States") will bring no additional charge or charges against the defendant arising out of the investigation in the District of Nevada which culminated in this Plea Memorandum.

**C.** **Sentencing Guideline Calculations**

The corporate defendant understands that the Court is required to consider the United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") among other factors in determining corporate defendant's sentence. The corporate defendant understands, however, that the Sentencing Guidelines are only advisory, and that after considering the Sentencing Guidelines, the Court is free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crimes of conviction.

The parties agree and stipulate to the following applicable sentencing guideline factors:

1. The Base Offense Level is six (6). (§ 2B1.1(a)(2))

2. A twenty (20) level upward adjustment applies because the loss from the offense and relevant conduct is greater than $7,000,000. (§ 2B1.1(b)(1)(K))

3. A two (2) level upward adjustment applies because the defendant derived more than $1,000,000 in gross receipts from a financial institution, Medicare. (§2B1.1(b)(13)(A))

4. Pursuant to Application Note 2 of U.S.S.G. §8C2.3, the adjustments in Chapter Three of the Sentencing Guidelines, including Victim Related Adjustments, Role in the Offense and Acceptance of Responsibility do not apply when determining the offense level of a corporate defendant.

5. The corporate defendant's Criminal History Category will be determined by the court.

. . .

. . .

2

**D.   Calculation and Payment of the Criminal Fine**

1.   The corporate defendant shall pay a fine of $5,040,000, calculated as follows

    a.   Based on Offense Level 28, the base fine amount is $ 6,300,000. (§ 8C2.4(d))

    b.   The corporate defendant has a Total Culpability Score of four (4), as follows:

| | | |
|---|---|---|
| • Base Culpability Score: | 5 | (§8C2.5(a)) |
| • Corporate defendant had 10 or more employees and an individual with substantial authority participated in or condoned the offense: | 1 | (§8C2.5(b)(5)) |
| • Corporate defendant fully cooperated in the investigation and clearly demonstrated acceptance of responsibility: | - 2 | (§8C2.5(g)(2)) |
| **Total Culpability Score** | **4** | |

    c.   A Total Culpability Score of 4 results in a minimum fine multiplier of .80 and a maximum fine multiplier of 1.60. (§8C2.6). The United States will recommend that the defendant pay the minimum of the guideline fine range.

2.   Of the total fine, $770,000 shall be payable immediately. The remainder shall be paid in ~~bi~~annual installments of at least $ 50,000, due and payable on July 1 and January 1 each year, beginning January 1, 2009.

3.   The defendant may not seek a downward departure from, or any adjustment to, any fine imposed within the applicable guideline fine range. The United States will not seek an upward departure for any fine imposed.

. . .

3

4.      The parties agree that the Guideline calculations are based on information now known and could change upon investigation by the United States Probation Office.  It is possible that factors unknown or unforeseen by the parties to the plea agreement may be considered in determining the offense level, specific offense characteristics, and other related factors.  In that event, the corporate defendant will not withdraw its plea of guilty.

5.      The corporate defendant will pay the special assessment of $100 per count of conviction at the time of sentencing.

**E.   Restitution**

The defendant agrees to make full restitution in an amount to be determined by the Court, which the defendant agrees shall include all relevant conduct as determined by the Court.  In return for the defendant agreeing to make restitution for relevant conduct, the United States agrees not to bring charges against the defendant for the conduct giving rise to the relevant conduct.  The corporate defendant understands that any restitution imposed by the Court may not be discharged in whole or in part in any present or future bankruptcy proceeding.  Any restitution ordered by the Court shall be exclusive of any criminal fine imposed pursuant to Section I.E of this Plea Agreement.

**F.   Waiver of Appeal**

In exchange for the concessions made by the United States in this plea agreement, the corporate defendant knowingly and expressly waives the right to appeal any sentence that is imposed within the applicable Sentencing Guideline range as determined by the Court, further waives the right to appeal the manner in which that  sentence was determined on the grounds set forth in Title 18, United States Code, Section 3742, and further waives the right to appeal any other aspect of the conviction or sentence, including any order of restitution.

**G.   Additional Promises, Agreements, and Conditions**

1.      In exchange for the United States entering into this agreement, the corporate defendant agrees that (a) the facts set forth in Section IV of this Plea Agreement shall be

4

admissible against the defendant under Fed. R. Evidence. 801(d)(2)(A) in the following

circumstances: (1) for any purpose at sentencing; and (2) in any subsequent proceeding, including

a trial in the event the defendant does not plead guilty or withdraws the defendant's guilty plea, to

impeach or rebut any evidence, argument or representation offered by or on the defendant's

behalf; and (b) the defendant expressly waives any and all rights under Fed. R. Criminal P. 11(f)

and Fed. R. Evid. 410 with regard to the facts set forth in Section IV of the Plea Agreement to the

extent set forth above.

      2.    The parties agree that no promises, agreements, and conditions have been

entered into other than those set forth in this plea memorandum, and not will be entered into

unless in writing and signed by all parties.

**H.**   **Limitations**

      This Plea Agreement is limited to the United States Attorney's Office for the

District of Nevada and cannot bind any other federal, state or local prosecuting, administrative, or

regulatory authority.  However, this Plea Memorandum does not prohibit the United States

through any agency thereof, the United States Attorney's office for the District of Nevada, or any

third party from initiating or prosecuting any civil proceeding directly or indirectly involving the

defendant, including but not limited to, proceedings under the False Claims Act relating to

potential civil monetary liability or by the Internal Revenue Service relating to potential tax

liability.

**I.**   **Forfeiture**

      1.    The corporate defendant knowingly and voluntarily agrees to the

abandonment, the civil administrative forfeiture, the civil judicial forfeiture, or the criminal

forfeiture of the $347,174.63 in United States Currency ("property").

      2.    The corporate defendant knowingly and voluntarily agrees to abandon or to

forfeit the property to the United States.

. . .

3.     The corporate defendant knowingly and voluntarily agrees to relinquish all right, title, and interest in the property.

4.     The corporate defendant knowingly and voluntarily agrees to waive its right to any abandonment proceedings, any civil administrative forfeiture proceedings, any civil judicial forfeiture proceedings, or any criminal forfeiture proceedings ("proceedings") of the property.

5.     The corporate defendant knowingly and voluntarily agrees to waive service of process of any and all documents filed in this action or any proceedings concerning the property arising from the facts and circumstances of this case.

6.     The corporate defendant knowingly and voluntarily agrees to waive any further notice to it, its agents, or its attorney regarding the abandonment or the forfeiture and disposition of the property.

7.     The corporate defendant knowingly and voluntarily agrees not to file any claim, answer, petition, or other documents in any proceedings concerning the property.

8.     The corporate defendant knowingly and voluntarily agrees to waive the statute of limitations, the CAFRA requirements, Fed. R. Crim. P. 7(c)(2), 32.2(a), and 32.2(b)(3), and the constitutional due process requirements of any abandonment proceeding or any forfeiture proceeding concerning the property.

9.     The corporate defendant knowingly and voluntarily agrees to waive its right to a jury trial on the forfeiture of the property.

10.     The corporate defendant knowingly and voluntarily agrees to waive (a) all constitutional, legal, and equitable defenses to, (b) any constitutional or statutory double jeopardy defense or claim concerning, and (c) any claim or defense under the Eighth Amendment to the United States Constitution, including, but not limited to, any claim or defense of excessive fine in any proceedings concerning the property.

11.     The corporate defendant knowingly and voluntarily agrees to the entry of an Order of Forfeiture of the property to the United States.

6

12. The corporate defendant knowingly and voluntarily agrees and understands the abandonment, the civil administrative forfeiture, the civil judicial forfeiture, or the criminal forfeiture of the property shall not be treated as satisfaction of any assessment, fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the Defendant in addition to the abandonment or the forfeiture.

## II.

## PENALTY

1. The maximum penalty for violating Title 18, United States Code, Section 1347 is not more than ten (10) years imprisonment, a fine of not more than two hundred and fifty thousand dollars ($ 250,000), or both.

2. The corporate defendant is subject to a term of probation of at least one (1) year but not more than five (5) years. (§8D1.2)

3. The corporate defendant must pay a special assessment of one hundred dollars ($100) for each count of conviction.

## III.

## ELEMENTS

The essential elements for the crime of Health Care Fraud, Title 18, United States Code, Section 1347, are the following:

1. The defendant knowingly executed or attempted to execute a scheme or artifice to obtain money or property from Medicare, a health care benefit program, by means of material false or fraudulent pretenses, representations, or promises;

2. The defendant executed the scheme or plan in connection with the delivery of or payment for health care benefits, items or services;

3. The defendant acted with intent to defraud Medicare.

7

## IV.

### FACTS THAT SUPPORT GUILTY PLEA

1.     The defendant is pleading guilty because the defendant is guilty of the charged offense.

2.     In pleading to the offense(s), the defendant acknowledges that if the defendant elected to go to trial instead of entering this plea, the United States could prove facts sufficient to establish the defendant's guilt beyond a reasonable doubt.

3.     The defendant specifically admits and declares under penalty of perjury that all of the facts set forth below are true and correct:

Between on or about April 2002 and on or about April 2005, the corporate defendant, a clinical laboratory with multiple locations in Las Vegas, knowingly and willfully engaged in a scheme to obtain money and property from the federal Medicare program by means of materially false or fraudulent representations, in connection with the delivery of, and payment for, health care benefits, items and services.

At all relevant times, the corporate defendant billed Medicare fraudulently for two specific CPT codes. CPT P9604 is a travel allowance, which Medicare pays to clinical laboratories for specimen collection at a patient's home. As part of its scheme to defraud, the corporate defendant billed Medicare for five (5) round trips per patient that were never performed. CPT 80502 is a clinical pathology consultation, which requires a licensed pathologist, upon request of an attending physician to interpret existing test results. As part of its scheme to defraud, the corporate defendant billed Medicare for this code in the absence of a pathologist's review.

To execute its scheme to defraud, on or about October 28, 2004, the corporate defendant billed Medicare using CPT P9604 for five (5) round trips for specimen collection allegedly provided to patient A.C. In fact, no employees of the corporate defendant ever traveled to his home to collect a specimen.

. . .

8

1    To further execute its scheme to defraud, on or about September 27, 2004, the
2  corporate defendant billed Medicare using CPT 80502 for a clinical pathology consultation that it did
3  not perform for patient D.B.

4    At all relevant times, the corporate defendant acted with the intent to defraud.  At all
5  relevant times, Medicare was a "health care benefit program" as defined by Title 18, United States
6  Code, Section 24(b).

7                                         **V.**

8                            **ACKNOWLEDGMENT**

9    1.    The defendant, acknowledges by the defendant's signature below that the
10  defendant has read this Memorandum of Plea Agreement, that the defendant understands the terms
11  and conditions, and the factual basis set forth herein, that the defendant has discussed these matters
12  with the defendant's attorney, and that the matters set forth in this memorandum, including the facts
13  set forth in Part IV above are true and correct.

14    2.    The defendant acknowledges that the defendant has been advised, and
15  understands, that by entering a plea of guilty the defendant is waiving, that is, giving up, certain rights
16  guaranteed to the defendant by law and by the Constitution of the United States.  Specifically, the
17  defendant is giving up:

18    a.    The right to proceed to trial by jury on the original charges, or to a trial
19  by a judge if the defendant and the United States both agree;

20    b.    The right to confront the witnesses against the defendant at such a trial,
21  and to cross-examine them;

22    c.    The right to remain silent at such trial, with such silence not to be used
23  against the defendant in any way;

24    d.    The right, should the defendant so choose, to testify in the defendant's
25  own behalf at such a trial;

26  . . .

9

1             e.      The right to compel witnesses to appear at such a trial, and to testify in

2 the defendant's behalf; and,

3             f.      The right to have the assistance of an attorney at all stages of such

4 proceedings.

5             3.      The defendant, the defendant's attorney, and the attorney for the United States

6 acknowledge that this Plea Memorandum contains the entire agreement negotiated and agreed to by

7 and between the parties, and that no other promise has been made or implied by either the defendant,

8 the defendant's attorney, or the attorney for the United States.

9

10                                GREGORY A. BROWER

11                                United States Attorney

12 DATED   9/11/04

13                                CRANE M. POMERANTZ

                               Assistant United States Attorney

14

15 DATED   9/8/08

16                                Officer for Defendant CLS

17 DATED   9/8/08

18                                C. STANLEY HUNTERTON, ESQ.

                               Counsel for Defendant CLS

19

20

21

22

23

24

25

26